

1 BRODSKY MICKLOW BULL & WEISS LLP
Eugene A. Brodsky, State Bar No. 36691
2 Edward M. Bull III, State Bar No. 141996
384 Embarcadero West, Suite 200
3 Oakland, California 94607-3704
Telephone: (510) 268-6180
4 Facsimile: (510) 268-6181

5
Attorneys for Plaintiff,       E-filing
6 JAMES SMITH

7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

11  JAMES A. SMITH,                          ) CV 09  CASE NO. 4794
12         Plaintiff,                        )
                                             ) SEAMAN'S COMPLAINT FOR
13  vs.                                      ) DAMAGES FOR PERSONAL
                                             ) INJURIES AND FOR
14  AHL SHIPPING COMPANY, in                 ) MAINTENANCE AND CURE
    personam, and the M/V CAPTAIN H.A.       )
15  DOWNING, her engines, tackle, apparel,   ) DEMAND FOR JURY TRIAL
    etc., in rem,                            )
16                                           ) Plaintiff Is Entitled to File this
           Defendants.                       ) Action Without Prepayment of
17                                           ) Costs, Fees, or Security (28
    _____        ) U.S.C. § 1916)

18

19    Plaintiff, JAMES A. SMITH ("Plaintiff"), alleges as follows:

20                          **GENERAL ALLEGATIONS**

21    1.    Plaintiff brings and maintains this action pursuant to 46 U.S.C. 30104,

22  commonly known as the Jones Act, and the General Maritime Law pursuant to the

23  United States Constitution, Article III, Section 2, and 28 U.S.C. Section 1333.

24    2.    Plaintiff was, at all times mentioned herein, a seaman, and is entitled,

25  under the provisions of 28 U.S.C § 1916, to bring this action without prepayment of

26  fees or costs.

27    3.    At all relevant times herein, defendant AHL SHIPPING COMPANY

28  ("AHL") owned, operated, managed, maintained and/or controlled that certain vessel

1

Seaman's Complaint for Damages for Personal Injuries and for Maintenance and Cure

of American registry known as the M/V CAPTAIN. H.A. DOWNING ("CAPTAIN DOWNING").

4. At all times herein mentioned, Plaintiff was employed by defendant AHL and serving as a member of the crew aboard said vessel and was at all of said times acting within the course and scope of his employment as a Steward's Utility.

5. Defendant AHL is a business organization, organized under and by virtue of the laws of a state or states unknown to Plaintiff and is authorized to do business, and are doing business in the Northern District of California, including hiring crew, including Plaintiff, in this District, regularly calling the ports in this District (on average two times per month), employing agents in this District, delivering and loading cargo in this District, and contracting for goods and services in this District. Venue is proper in this District pursuant to the Jones Act, FELA, and *Pure Oil Co. v. Suarez,* 384 U.S. 202 (1966).

## FIRST CAUSE OF ACTION FOR UNSEAWORTHINESS AGAINST DEFENDANT AHL

6. On or about January 18, 2009, while the CAPTAIN DOWNING was en route to Rodeo California (in Contra Costa County), Plaintiff slipped on the worn and dangerous deck of the galley where he was employed and fell forward forcefully striking his knees, head and face on the deck, and suffered serious injuries, including facial lacerations, lost teeth, loss of consciousness, brain injury, neck injury, back injury, knee injuries (bilaterally) and other injuries yet to be identified or diagnosed.

7. Said injuries to Plaintiff were legally caused by the failure of defendant AHL to furnish Plaintiff with a safe and seaworthy vessel; in failing to furnish Plaintiff with reasonably fit, proper, adequate, and sufficient equipment, including but not limited to proper non-skid decking/grating to permit him to safely perform his assigned tasks.

8. As a legal result, Plaintiff was caused to and did sustain injury to his face, teeth, neck, low back, knees and other injuries not fully known at this time.

Seaman's Complaint for Damages for Personal Injuries and for Maintenance and Cure

9. As a legal cause thereof, Plaintiff incurred reasonable charges for medical and hospital care and incidental expenses and will continue to require medical follow-up and treatment, surgery, and medical supplies for his life expectancy. Plaintiff does not know the reasonable value of said medical and hospital care at this time.

10. As a legal cause, Plaintiff has been unable to engage in his normal and usual calling and has sustained loss of earnings, wages, and fringe benefits, past, present, and future in a sum presently unknown.

11. As a legal cause, Plaintiff has sustained general damages, exclusive of interests and costs, in a sum in excess of $1,000,000, and economic damages in sums to be determined by the proofs. Plaintiff is entitled to and claims prejudgment interest on his damages pursuant to the general maritime law.

### SECOND CAUSE OF ACTION FOR MARITIME NEGLIGENCE (JONES ACT) AGAINST DEFENDANT AHL

12. Plaintiff incorporates herein by reference, as though fully set forth, and with like force and effect, all of the allegations contained in Paragraphs 1 through 11 of this Complaint.

13. Said injuries to Plaintiff were legally caused by the negligent acts and omissions of defendant AHL in negligently failing to provide Plaintiff with a safe place to work; in negligently failing to furnish Plaintiff with safe, fit, proper, adequate, and sufficient equipment, including but not limited to non-skid decking/grating to permit him to safely perform his assigned tasks.

### THIRD CAUSE OF ACTION AGAINST DEFENDANT AHL FOR MAINTENANCE AND CURE AND UNEARNED WAGES

14. Plaintiff incorporates herein by reference, as though fully set forth and with like force and effect, all previous paragraphs of this Complaint.

15. As a seaman, Plaintiff was entitled to promptly receive maintenance and cure from the time he left the CAPTAIN DOWNING unfit for duty, until he becomes fit for duty or reaches maximum cure with respect to all of his injuries. Defendant

Seaman's Complaint for Damages for Personal Injuries and for Maintenance and Cure

1 | has paid and continues to pay maintenance and cure, though at an inadequate rate, and
2 | at times, in a delayed fashion, but to the extent AHL has, or in the future should,
3 | breach its duties to Plaintiff, Plaintiff shall be entitled to all available remedies,
4 | including consequential damages, attorney fees, costs and/or punitive damages.

WHEREFORE, Plaintiff prays judgment against Defendant AHL as follows:

1. That process and due form of law, according to the practices of this Honorable Court in causes of admiralty and maritime jurisprudence, issue against CAPTAIN DOWNING and her engines, tackle, apparel, furniture, and appurtenances, etc., and that all persons having or claiming any interest in said vessel be cited to appear and answer, under oath, all and singular the matters; that Plaintiff have judgment *in rem* for his maritime lien for personal injury with pre-judgment interest and costs; and that CAPTAIN DOWNING be arrested and sold to satisfy Plaintiff's judgment;
2. For general damages for a sum in excess of $1,000,000;
3. Special damages as may be shown according to proof;
4. For loss of found;
5. For unpaid maintenance and cure and unearned wages as may be shown according to proof;
6. For consequential damages, pain and suffering, attorneys fees and punitive damages for any unreasonable or tortious failure to provide maintenance and cure that may occur;
7. For prejudgment interest in accordance with the general maritime law;
8. For Plaintiff's costs of suit herein; and

/ / /
/ / /

4

Seaman's Complaint for Damages for Personal Injuries and for Maintenance and Cure

9.  For such other and further relief as is meet and just in the premises.

DATED: October 6, 2009          BRODSKY MICKLOW BULL & WEISS LLP


                                By: _____
                                    Eugene A. Brodsky
                                    Edward M. Bull III

                                Attorneys for Plaintiff
                                JAMES SMITH


## DEMAND FOR JURY TRIAL:

Plaintiff hereby demands a trial by jury.

DATED: October 6, 2009          BRODSKY MICKLOW BULL & WEISS LLP


                                By: _____
                                    Eugene A. Brodsky
                                    Edward M. Bull III

                                Attorneys for Plaintiff
                                JAMES SMITH

Seaman's Complaint for Damages for Personal Injuries and for Maintenance and Cure